UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 615,<br><br>Plaintiff<br><br>vs.<br><br>EMPIRE CLEANING, INC.<br><br>Defendant | Civil No. 11-11715 |

## COMPLAINT TO CONFIRM AND ENFORCE ARBITRATION AWARD

### I. JURISDICTION

1. This is an action to confirm and enforce an Arbitrator's Award brought pursuant to Section 301, Labor-Management Relations Act, 29 U.S.C. § 185(a), 28 U.S.C. § 1337, and 28 U.S.C. § 2201, and this Court's original and statutory jurisdiction.

### II. VENUE

2. Venue is appropriate in this district pursuant to 29 U.S.C. § 185(c)(1) and (2).

### III. PARTIES

3. Plaintiff Service Employees International Union, Local 615 ("the Union") is a labor organization based in Boston, Massachusetts, representing employees throughout Massachusetts, New Hampshire and Rhode Island in an industry affecting commerce as defined in 29 U.S.C. § 152(6) and (7), including a bargaining unit of employees employed by Defendants Empire Cleaning, Inc. ("the Defendant" or "the Employer"), employed within this judicial district.

4.      The Defendant constitutes a single employer in an industry affecting commerce as defined in 29 U.S.C. 152(5), (6) and (7).

5.      Defendant is a Massachusetts corporation with a principal place of business in Wakefield, Massachusetts.

## IV.     FACTUAL ALLEGATIONS

6.      The Union and the Employer are parties to a collective bargaining agreement providing for the final and binding arbitration of disputes which arise thereunder. A copy of the relevant portions of the collective bargaining agreement is attached hereto as Exhibit A. *See* Article 37 ("Grievance Procedure"), pgs. 33-38.

7.      Pursuant to the agreement, the Union and Employer submitted a dispute to Arbitrator Gary Altman concerning whether the Employer had violated the collective bargaining agreement by terminating employee Blanca Funez without just cause on May 19, 2010.

8.      During arbitration, the Employer was identified as "Empire Cleaning Company."

9.      The American Arbitration Association sent the parties a Notice of Hearing which indicated that the arbitration hearing was scheduled for November 15, 2010.

10.     An arbitration hearing was held before Arbitrator Altman on November 15, 2010.

11.     The Employer refused to participate in the hearing.  Therefore, the arbitration proceeding occurred *ex-parte*.

12.     After the hearing, the arbitrator allowed both the Union and the Company to submit written arguments in support of their respective positions.

13.     The Union submitted a letter to the Arbitrator in support of its position.

14.     The Employer did not submit any brief or written letter.

15.     The issue to be decided by the arbitrator was as follows:

2

>Was there just cause for the discharge of Blanca Funez?
>If not, what shall be the remedy?

16. On January 12, 2011, the arbitrator rendered his Award ("the Award"), a copy of which is attached hereto as Exhibit B, which provided as follows:

>"[T]he Company did not have just cause to discharge the grievant Blanca Funez from her position. She must be immediately reinstated to her position and made whole for lost wages and benefits; minus any unemployment benefits or interim earnings she received from the date of her discharge until she is reinstated to her position."

17. The Employer received a copy of the Award on or about January 13, 2011.

18. After January 13, 2011, the Employer ceased responding to grievances, taking calls from the Union or otherwise engaging in any of the dispute resolution processes as per the collective bargaining agreement.

19. On March 17, 2011, the Union filed an Unfair Labor Practice charge with the National Labor Relations Board.

20. On or about March 17, 2011, the Employer retained legal counsel who subsequently set up several meetings with the Union to attempt to resolve all outstanding issues with the Union.

21. By May 5, 2011, the Employer and the Union had agreed on a replacement post for Blanca Funez where she could be reinstated. Due to Ms. Funez's personal schedule, she started working at the new post on May 19, 2011.

22. Between her wrongful termination on May 19, 2010 and her reinstatement on May 5, 2011, Ms. Funez would have earned approximately $14,963.80.

23. During that time, Ms. Funez received approximately $9,121.00 in unemployment benefits.

24. By mutual agreement, after accounting for approximate interim earnings, the Union and the Employer stipulated that the amount owed to Ms. Funez by the Employer was $3,762.71.

25. The Award rendered by Arbitrator Altman was final and binding on the parties.

26. Pursuant to the Award, the Employer owes $3,762.71 to Blanca Funez.

27. As of the date of this Complaint, the Employer has failed to comply with the Award.

28. The Union has contacted the Employer regarding the Employer's failed compliance on numerous occasions.

29. In response, the Employer claims that a check to Ms. Funez is on its way.

30. As the Employer has made the same claim for several weeks, the Union has reason to believe that the Employer has not taken necessary steps to comply with the Award.

31. A failure to hold the Employer responsible for compliance with Arbitrator Altman's Award, made pursuant to the parties' collective bargaining agreement, will work a grave injustice to the Union and Ms. Funez, given the public and judicial policy that such arbitral awards are to be final and binding.

## V.   REQUEST FOR RELIEF

32. Therefore, the Union requests that this Court grant the following relief:

    a. Judgment confirming the Award of Arbitrator Altman in its entirety;

    b. Judgment awarding the Union its costs and reasonable attorney's fees;

    c.   Interest on all outstanding back pay owed after June 5, 2011 which is 30 days from the date, on or about which, the Employer reinstated Blanca Funez; and

    d.   Such other relief as this Court deems just and proper.

Respectfully submitted,

SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 615

By its attorney,

/s/ Ingrid I. Nava
Ingrid I. Nava, Esq., BBO # 658608
SERVICE EMPLOYEES INTERNATIONAL UNION,
LOCAL 615
26 West St.
Boston, MA 02111

Dated: September 27, 2011

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), on this 28th day of September.

/s/ Ingrid I. Nava
Ingrid I. Nava